FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 18, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS ANDRES FUENTES, III, <br><br>　　　　　　　Petitioner, <br><br>　v. <br><br> JAMES KEY, <br><br>　　　　　　　Respondent. | NO: 2:19-CV-416-RMP <br><br> ORDER DENYING AMENDED PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS |

　　　BEFORE THE COURT is an Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Petitioner Nicholas A. Fuentes III. ECF No. 8. Mr. Fuentes challenges his state court judgment entered for his conviction of assault in the second degree. ECF No. 8 at 1.

　　　Petitioner asserts that he is entitled to habeas relief based on a violation of his due process rights under the Fifth and Fourteenth Amendment of the United States Constitution. Having considered the petition, Respondent James Key's Answer and

ORDER DENYING AMENDED PETIION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 1

Memorandum of Authorities, the state court record, Petitioner's reply, as well as the relevant law, the Court is fully informed.

## BACKGROUND

Petitioner Nicholas Fuentes is currently in Washington State custody. ECF Nos. 8 at 1, 12 at 1. He is serving a 72-month sentence, as the result of an August 22, 2017, jury conviction from Spokane County Superior Court for second-degree assault. ECF No. 13-1 at 2, 7.

**A.  Statement of Facts**

The Court relies on the factual history provided by the Washington State Court of Appeals for Mr. Fuentes's direct appeal. *See State v. Fuentes*, No. 35726-1-III, 2019 WL 2126830 (Wash. Ct. App. May 9, 2019); *see also* ECF No. 8 at 16–21. In March 2017, a gas station clerk observed Mr. Fuentes attempting to steal a beer can from the gas station convenience store. ECF No. 8 at 16. The clerk confronted Mr. Fuentes, who became irate and began physically attacking the clerk. *Id.* During the altercation, Mr. Fuentes broke one of the clerk's fingers before fleeing the store. *Id.* A customer pumping gas, Bruce Rhimer, observed the incident and subsequently called 911. *Id.* at 17.

**B.  Procedural History**

The State charged Mr. Fuentes with attempted first-degree robbery and second-degree assault. *Id.* at 17. Trial was scheduled to begin on Monday July 17, 2017, in Spokane County Superior Court. *Id.* at 17; ECF No. 13-1 at 2. A few days

1  before trial, the State disclosed that it planned to call Mr. Rhimer as a witness. Mr.
2  Rhimer's identity was disclosed in the 911 records, but the State had not previously
3  indicated that he would testify at trial. ECF No. 8 at 17.

4        The State's last-minute disclosure prompted Mr. Fuentes to make an oral
5  motion for dismissal under Washington State Criminal Court Rule ("CrR") 8.3(b) or,
6  in the alternative, a continuance. *Id.* The trial court denied the motion to dismiss,
7  but the court granted a short continuance. *Id.* During trial, the court dismissed the
8  charge of attempted first-degree robbery for insufficient evidence. *Id.* at 18. The
9  jury convicted Mr. Fuentes of assault in the second degree, and the court
10 subsequently sentenced him to 72 months of incarceration and 18 months of
11 community custody. *Id.*; ECF No. 13-1 at 2, 7–8.

12       Mr. Fuentes timely filed a direct appeal arguing that the State committed
13 governmental misconduct in violation of CrR 8.3(b) by waiting until the eve of trial
14 to give Defendant notice that the State intended to call a previously undisclosed
15 eyewitness to the alleged assault. ECF No. 13-1 at 66–67. He also filed a
16 supplemental brief, arguing that he was not required to pay certain legal financial
17 obligations ("LFOs") in light of recent statutory changes. *Id.* at 94–95. On May 9,
18 2019, Division III of the Washington State Court of Appeals affirmed the judgment
19 and sentence but remanded for the trial court to strike the LFOs. *Id.* at 55; ECF No.
20 8 at 16.

21

ORDER DENYING AMENDED PETIION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 3

Mr. Fuentes sought review by the Washington State Supreme Court, where he framed the issue as follows:

> CrR 8.3(b) authorizes the trial court to dismiss an action where there has been governmental misconduct. Simple mismanagement by the State is sufficient to constitute governmental misconduct. Mr. Fuentes unsuccessfully moved for dismissal under C[]rR 8.3 after the State gave notice on the eve of trial it intended to call the only eyewitness to the alleged scuffle. Is an issue of substantial public interest presented entitling Mr. Fuentes to reversal of his conviction when the court's denial of the CrR 8.3 motion prejudiced him, denying him a fair trial?

ECF No. 13-1 at 102.

Throughout the appellate proceedings, Mr. Fuentes did not assert that his right to due process was violated under either the Fifth or Fourteenth Amendment of the United States Constitution. Rather, in his briefing before both state appellate courts, Mr. Fuentes argued that the trial court's denial of his CrR 8.3 motion prejudiced him and denied him a fair trial. ECF No. 8 at 25–26, 37. He did briefly mention the "right to a fair trial" as recognized by the due process clause under the Fifth and Fourteenth Amendments in his briefing before both courts. *Id.* at 27, 39 (citing *Cone v. Bell*, 556 U.S. 449, 551, 129 S. Ct. 1769, 173 L. Ed. 2d 701 (2009)).

The Washington State Supreme Court denied review on October 3, 2019, and the mandate issued on October 15, 2019. *Id.* at 117–19; *see also State v. Fuentes*, 193 Wash.2d 1040, 449 P.3d 666 (Wash. 2019). There is no evidence

ORDER DENYING AMENDED PETIION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 4

that Mr. Fuentes filed a motion for reconsideration in the Washington State Court of Appeals. ECF No. 12 at 15. Nor did he seek a writ of certiorari in the United States Supreme Court or pursue state postconviction relief. ECF No. 8 at 3.

On February 12, 2020, Mr. Fuentes filed this amended petition for habeas corpus relief asserting one ground for relief based on an alleged violation of both the Fifth and Fourteenth Amendments of the United States Constitution. *See* ECF No. 8.[1]

## LEGAL STANDARD

A petition for writ of habeas corpus on behalf of a prisoner in state custody is brought under 28 U.S.C. § 2254. Relief under § 2254 is limited to "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs the review of Mr. Fuentes's claim because he filed the petition after April 24, 1996. *See Chein v. Shumsky*, 37 F.3d 978, 983 (9th Cir. 2004). Under AEDPA, a district court imposes a "highly deferential" standard of review and gives state court decisions "the benefit

---

[1] Mr. Fuentes first filed a Petition for Writ of Habeas Corpus in December 2019, asserting an additional ground for relief based on ineffective assistance of counsel. *See* ECF No. 1 at 9–10. The Court determined it was unclear whether Petitioner had exhausted the claim and ordered him to amend his petition "to clearly and concisely present those grounds for federal habeas relief which have been exhausted." ECF No. 7 at 6.

ORDER DENYING AMENDED PETIION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 5

1  of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L.Ed. 2d 279 (2002) (per curiam).

A federal court may not grant relief on any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990).

The petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011). Under this standard, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004)). The petitioner bears the heavy burden to show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

/ / /

# DISCUSSION

## A. Timeliness

Respondent concedes that Mr. Fuentes's petition is timely. ECF No. 12 at 5. The Court also finds that Mr. Fuentes filed his federal petition within the applicable statute of limitations.

## B. Exhaustion of State Remedies

Mr. Fuentes's sole claim for habeas corpus relief is that he was denied due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution. ECF No. 8 at 1. Respondent contends that Mr. Fuentes did not properly exhaust his claim for relief. ECF No. 12 at 11–16.

A petitioner must properly exhaust remedies available in state court before seeking federal habeas relief. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a "federal claim must be fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Claims are fairly presented where state courts are "alerted to the fact that the prisoners are asserting claims under the United States Constitution" and given the "opportunity to correct alleged violations of prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *see also Johnson v. Zenon*, 88 F.3d 828, 830–31 (9th Cir. 1996) (holding that petitioner failed to first present his habeas claim in state court where he asserted in state court that admission of prior

act evidence was an "evidentiary error" that was not harmless under state law, specifically).  Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

Upon reviewing the record, the Court agrees that Mr. Fuentes has not exhausted the remedies available to him in state court with respect to his sole claim for relief.  On his direct appeal, Mr. Fuentes argued that the trial court erred by failing to dismiss the charge against him under CrR 8.3(b).  ECF Nos. 8 at 4, 25.  This rule provides for the dismissal of a criminal prosecution "due to arbitrary action or governmental misconduct."  CrR 8.3(b).

Mr. Fuentes's petition for review to the Washington State Supreme Court asserted the same claim.  *Id.* at 37.  His briefing before both courts makes passing reference to the right to a "fair trial" based on the due process clause of the Fifth and Fourteenth Amendments.  *Id.* at 27, 39 (citing *Cone v. Bell*, 556 U.S. 449, 551 (2009)).  But his single citation to *Cone* was made in the context of asserting violation of a state court rule regarding governmental misconduct, not a due process violation under the Fifth and Fourteenth Amendments.  Accordingly, the Court finds that Mr. Fuentes failed to exhaust the present habeas claim in state court.

C. **Evidentiary Hearing**

A district court will not hold an evidentiary hearing on a claim that was not sufficiently developed in state court proceedings unless one of two exceptions

applies. The first exception applies to an undeveloped claim that relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C § 2254(e)(2)(A)(i), (ii). Second, the petitioner may show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty." 28 U.S.C. § 2254(e)(2)(B). Moreover, a district court may rule on a habeas petition without an evidentiary hearing if the "issues . . . can be resolved by reference to the state court record." *Totten v. Merkie*, 137 F.3d 1172, 1176 (9th Cir. 1998). Here, Mr. Fuentes failed to develop the factual basis underlying his Fifth and Fourteenth Amendment claims in state court. Neither of the above statutory exceptions above excuses this deficiency. Regardless, the state court record is sufficient to resolve Mr. Fuentes's claim without an evidentiary hearing.

## CONCLUSION

The Court finds that Mr. Fuentes has failed to exhaust the remedies available in state court on his sole ground for relief. Accordingly, Mr. Fuente's petition under 28 U.S.C. § 2254 must be denied.

An appeal of this Order may not be taken unless a circuit judge or district court judge issues a certificate of appealability. 28 U.S.C § 2253. A district court may only issue a certificate of appealability "if the applicant has made a substantial

showing of the denial of a constitutional right." *Id.* The Court finds that pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith; thus, there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, **ECF No. 8**, is **DENIED**.

2. The Petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment, provide copies to Petitioner and to counsel, and **close the file**. A certificate of appealability will not be issued as there is no basis that this Court identifies for a valid appeal.

**DATED** November 18, 2021.

           *s/ Rosanna Malouf Peterson*
           ROSANNA MALOUF PETERSON
           United States District Judge